The Honorable Karen L. Strombom
Trial Date: June 1, 2009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, a foreign corporation, individually and as subrogee for its insureds, DOUGLAS S. PHILLIPS and MARY E. PHILLIPS, husband and wife; and its insured, NORTHWEST MEDICAL BILLING SERVICES, a Washington corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>BROAN-NUTONE LLC, a Delaware limited liability company; JOHN and JANE DOES I-X; WHITE PARTNERSHIPS I-X; BLACK CORPORATIONS I-X,<br><br>      Defendants. | No. C08 5113 KLS<br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**June 9, 2008** |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereto agree and the Court hereby enters this Protective Order Regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 1

37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

information, and documents containing any such information (hereinafter collectively referred to as "Confidential Information"), as follows:

### 1.  Need and Application.

**1.1**   This action arises from an December 2, 2005 fire at the Northwest Medical Billings Services commercial building which is located at 4810 112th Street S.W., Lakewood, Washington, allegedly involving a Broan Model 688 Ceiling/Wall Fan ("subject fan"). The parties anticipate that they will engage in discovery regarding, among other things: (1) the design and manufacture of the subject fan; (2) manuals, technical specifications, engineering recommendations, test data and other technical documents relating to the subject fan; and (3) fan design drawings and other design data.

Discovery regarding these and other topics will necessitate the disclosure of confidential and sensitive trade secret information. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means which enables the production of documents at least to the point of evaluating the asserted need for protection, and an order specifying how such documents need to be treated is required. Moreover, pursuant to the terms of this Protective Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In the absence of a stipulated protective order, the Court would have to evaluate large numbers documents individually, and this task would likely severely burden the Court's processes and slow discovery. As to those documents that are entitled to protection, disclosure of such Confidential Information is likely to prejudice the legitimate business, competitive,

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 2
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and/or privacy interests of the parties or of third parties.  A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of Confidential Information and to ensure that such information will be used only for purposes of this action.  A protective order will also expedite the flow of discovery materials, protect the integrity of truly Confidential Information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

***As to sealing documents prior to filing, the intent of this Protective Order is to meet the requirements of CR 5(g).***

**1.2**   This Order shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity producing or receiving the "Confidential Information" is a party to this litigation.

**2.   Definitions**

**2.1   Confidential Information.**   "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to proprietary information, trade secrets, non public commercial, financial, pricing, budgeting and/or accounting information, non public information about existing and potential customers, marketing studies, performance and projections, non public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 3
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

parties to this action have or have had business relationships. "Confidential Information" may be contained in the following types of documents: insurance, training records, personnel records, manuals, contracts, correspondence, blueprints, specifications, drawings, engineering notes, production documents, test reports, certification related documents, meeting minutes, meeting notices, presentation documents, and other types of documents relating to the design, manufacture, performance, sale, maintenance, and/or use of subject fan.

For purposes of this section, "trade secrets" is defined by Rev. Code Wash. § 19.108.010(4), which provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

**2.2   Documents.**  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained, and other tangible things subject to production under the Federal Rules of Civil Procedure.

**3.   Initial Designation.**

**3.1   Produced Documents.**  A party producing a document that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 4
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> **CONFIDENTIAL**
> **Subject to Protective Order in**
>
> **No. C08 5113 KLS**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. As used herein, the term "documents" includes all writings, other media on which information is recorded, and other tangible things subject to production under Federal Rule of Civil Procedure 34. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under Federal Rule of Civil Procedure 26(c) and applicable case law. No document shall be designated as Confidential Information, or shall become Confidential Information merely because it has been so designated, which has been previously (a) disclosed by public authorities or others, (b) available to the public from sources other than the producing party, or (c) previously publicly disclosed by the producing party at any time without a protective order.

**3.2    Interrogatory Answers.**  If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated as in the same manner as a produced document under subparagraph 3.1. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**3.3    Inspections of Documents.**  In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For purposes of such

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 5
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

inspection, all material inspected shall be considered as Confidential Information.  If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

**3.4   Deposition Transcripts.**  After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information.  A deposition transcript in its entirety is to be considered as Confidential Information for twenty-one (21) days after receipt.  If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as Confidential Information.  All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

**3.5   Multipage Documents.**  A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.1 on each page of the document containing Confidential Information.

**4.   Designations by Another Party.**

**4.1   Notification of Designation.**  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 6
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Confidential Information by so notifying all parties in writing by facsimile within sixty (60) days of service of the document.

**4.2    Return of Documents; Non disclosure**.  Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.1 or substitute a copy of the document bearing that designation in accordance with subparagraph 3.1 for each copy of the document produced by the producing party.  Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.  No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the sixty (60) day designation period specified in subparagraph 4.1. If during the sixty (60) day designation period a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party.  The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the designating party, in accordance with subparagraph 7.1.

**5.    Objections to Designations.**  Any party objecting to an initial designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 7
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax: 206.359.9000

designation. Any objection shall be made in good faith. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to serve the objecting party with its motion for a protective order in the manner prescribed by CR 7(d)(3), or with its draft CR 37 submission as required by Civil Rule 37(b)(i). All documents initially designated as Confidential Information shall continue to be subject to this order unless and until the Court rules otherwise. If a designating party elects not to make a motion for a protective order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the Confidential Information designation if so requested.

**6. Custody.** During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1, or by the Judge and Jury. Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

**7. Handling Prior to Trial.**

**7.1 Authorized Disclosures.** Confidential Information shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 8
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

written notice and instructions regarding the existence and terms of this Protective Order and receiving back such person's agreement to be bound by it:

    a.    Counsel for the parties in this litigation, including their associates, clerks, paralegals and secretarial personnel;

    b.    Qualified persons taking testimony in this litigation involving Confidential Information and necessary stenographic, videotape and clerical personnel;

    c.    Experts, consultants, and their staff who are consulted by counsel for a party in this litigation;

    d.    Parties to this litigation, limited to the named party and if that party is a corporate entity a limited number of designated representatives of the corporate entity and its insurers;

    e.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

    f.    Outside vendors employed by counsel for copying, scanning and general handling of documents, and persons or entities that provide litigation support services; and

    g.    The Court and Court's Staff to whom materials are submitted as evidence or in connection with a motion or opposition thereto subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 9

37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**7.2** **Unauthorized Disclosures.** If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**7.3** **Court Filings.** In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall comply with Western District Civil Rule 5(g) regarding filing under seal. This provision is applicable to beliefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

**8.** **Handling During Trial.** Confidential Information that is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

**9.** **Handling After Disposition.** Within 90 days of the conclusion of this litigation, the designating party may request that any or all Confidential Information be returned to the designating party. After receiving a request to return, the receiving party at its option may destroy Confidential Information instead of returning it to the designating party, but must so notify the designating party. The request for return shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested. The attorney for the receiving party shall collect, assemble and return within 60 days all such Confidential

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 10
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Information, including all copies and extracts thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts or summaries that contain or constitute attorney's work product. If requested by the designating party within 90 days of the conclusion of the litigation, all copies and extracts that contain or constitute attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies and extracts have been destroyed. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested. Any Confidential Information not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

**10.    No Implied Waivers.**  The entry of this order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**11.    Modification.**  In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

**12.    Care in Storage.**  Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 11
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**13.     No Admission.**  Neither this Order nor the designation of any item is "Confidential Information" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**14.     Inadvertent Production.**  Nothing in this Order abridges applicable law concerning inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

**15.     Parties' Own Documents.**  This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

**16.     No Effect on Other Rights.**  This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

SO ORDERED this 7th day of July, 2008.

_/s/ Karen L. Strombom_
Karen L. Strombom
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 12
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**THE PROVISIONS OF THE FOREGOING <u>PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION</u> STIPULATED AND AGREED TO:**

DATED: July 2, 2008

**BAUMAN LOEWE WITT & MAXWELL, PLLC**

By:  /s/ A. Scott Loewe
    Scott Loewe (pro hac vice)

**CASEY & SKOGLUND, PLLC**

By:  /s/ Todd K. Skoglund
    Todd K. Skoglund, WSBA #30403
    Attorneys for Plaintiff Hartford Casualty
    Insurance Company

DATED: July 2, 2008

**PERKINS COIE LLP**

By:  /s/ Todd Rosencrans
    Todd W. Rosencrans, WSBA #26551
    Attorneys for defendant Broan-NuTone, LLC

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
(NO. C08 5113 KLS) – 13
37969-0004/LEGAL14245505.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

On July 3, 2008, I caused to be served upon counsel of record, at the addresses stated below, via the method of service indicated, a true and correct copy of the foregoing [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION:

| | |
|---|---|
| Todd K. Skoglund<br>CASEY & SKOGLUND, PLLC<br>114 West McGraw St.<br>Seattle, WA 98119<br>Todd@casey-skoglund.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br> X  Via E-filing |
| Scott Loewe<br>BAUMAN LOEWE WITT & MAXWELL, PLLC<br>8765 East Belle Road, Suite 204<br>Scottsdale, AZ 85260<br>sloewe@blwlawfirm.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br> X  Via E-filing |

DATED: July 3, 2008.

Julia Wood, Legal Secretary
PERKINS COIE, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel.: 206-359-8000
Fax: 206-359-9000
Email: jdwood@perkinscoie.com

CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

37969-0004/LEGAL14245505.2